UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN KRAFT, KIRK ALLEN,
ALYSSIA BENFORD, and EDGAR
COUNTY WATCHDOGS, INC.,

      Plaintiffs,

v.                                                                          Case No: 5:25-cv-677-PGB-PRL

BONNIE KUROWSKI,

      Defendant.

_____

**ORDER**

This cause comes before the Court on *pro se* Defendant's Motion for Leave to File Electronically as a Pro Se Party (Doc. 83) and Request to Expedite Leave to Register for CM/ECF and File Electronically (Doc. 99). Defendant requests permission to access and file documents electronically through the Court's CM/ECF system. (Doc. 83 at pp. 1-2). She contends that allowing her CM/ECF access to file documents electronically in this action will "promote judicial economy," "reduce delay associated with mailing filings to the Clerk's Office," and allow her to "timely comply[ ] with Court orders, deadlines, and service requirements in this case." (*Id.* at p. 2). Defendant further affirms that she is capable of complying with the Court's rules and procedures for CM/ECF. (*Id.*). Plaintiffs filed a response to Defendant's Motion for Leave to File Electronically as a Pro Se Party. (Doc. 91).

With regard to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe

procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, Defendant has not shown good cause or offered any extenuating circumstances as to why she should be permitted to access and file documents in CM/ECF. Therefore, Defendant's motion for leave to file electronically is due to be denied.

However, the Court will permit the Defendant to receive electronic notification of filings via email. Generally, a *pro se* litigant can receive electronic notices of filing by email, monitor the docket through PACER,[1] and submit filings in person, by U.S. Mail, or through

---

[1] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL

another delivery service. That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id.* (authorizing electronic notification of filings for a *pro se* litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion for Leave to File Electronically as a Pro Se Party (Doc. 83) is **DENIED**.

(2) Defendant is permitted to receive electronic notification of filings via email. The Clerk is **directed** to add Defendant's email address (Bonniekurowskil@gmail.com) to the docket and send all future notices of electronic filing to this email address.

(3) Defendant is responsible for notifying the Clerk if she changes her email address. Defendant is advised to check her email frequently, as some filings may be time sensitive. The notices of electronic filing will contain a hyperlink that allows the Defendant to view the document for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer

---

2749245, at *1 (M.D. Fla. May 29, 2024).

provides instructions on how to register for PACER on page 13.[2] Please note that when the Court allows a *pro se* litigant to receive notices of filing by email, the Clerk's office no longer mails paper copies. As a result, Defendant is cautioned that she will no longer receive court documents by U.S. mail.

(4) Defendant's Request to Expedite Leave to Register for CM/ECF and File Electronically (Doc. 99) is **DENIED as moot**.

**DONE** and **ORDERED** in Ocala, Florida on June 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).