**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOHN KRAFT, KIRK ALLEN,**
**ALYSSIA BENFORD, and EDGAR**
**COUNTY WATCHDOGS, INC.,**

     **Plaintiffs,**

**v.**                                    **Case No: 5:25-cv-677-PGB-PRL**

**BONNIE KUROWSKI,**

     **Defendant.**

_____

**ORDER**

This cause comes before the Court on *pro se* Defendant's Renewed Motion to Quash Service and Dismiss, or in the Alternative to Stay and Administratively Close ("First Motion to Dismiss") (Doc. 57) filed on February 24, 2026; Defendant's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) ("Second Motion to Dismiss") (Doc. 58) filed on February 24, 2026; Defendant's Renewed Consolidated Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6), or in the Alternative for a More Definite Statement Under Rule 12(e), and to Strike Under Rule 12(f) ("Third Motion to Dismiss") (Doc. 71) filed on March 3, 2026; and Defendant's Renewed Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6), or in the Alternative for a More Definite Statement Under Rule 12(e) ("Fourth Motion to Dismiss") (Doc. 85) filed on March 13, 2026. On May 22, 2026, Defendant filed a Renewed Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Insufficient Service of Process, Failure to State a Claim, Florida Anti-Slapp Protection, and Journalist Privilege Protection ("Fifth Motion to Dismiss"). (Doc. 127).

In light of Defendant's Fifth Motion to Dismiss (Doc. 127) filed on May 22, 2026, and given that the Fifth Motion to Dismiss incorporates the same or substantially similar arguments as Defendant's four prior motions to dismiss, Defendant's First Motion to Dismiss (Doc. 57), Second Motion to Dismiss (Doc. 58), Third Motion to Dismiss (Doc. 71), and Fourth Motion to Dismiss (Doc. 85) are denied as moot. *See, e.g.*, *Harpo-Brown v. Intermark Mgmt. Corp.*, No. CV 120-176, 2024 WL 115805, at *1 (S.D. Ga. Jan. 10, 2024) ("[B]ecause [defendant's] renewed motion to dismiss incorporates the same arguments as its first motion, the Court will only consider [defendant's] renewed motion, and [defendant's] first motion to dismiss . . . is DENIED AS MOOT."); *Tolbert v. Scruggs*, No. 8:19-cv-754-T-60AAS, 2019 WL 5268811, at *1 (M.D. Fla. Oct. 17, 2019) ("Because [defendant] filed a renewed motion to dismiss on September 20, 2019, the Court denies his June 26, 2019, motion as moot.").

Defendant is cautioned that the Court will not consider duplicative motions or notices requesting relief that has already been requested once. The Court's Local Rules impose page limitations on motions. *See* M.D. Fla. Local Rule 3.01(a), (b). Plaintiff may not skirt the limitations by filing multiple documents that request the same relief. Accordingly, going forward, the Court will strike any motion or notice that appears to be duplicative of a prior filed motion or notice.

Despite proceeding *pro se*, Defendant is advised that she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a

handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Defendant should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

Accordingly, it is **ORDERED** that:

(1) Defendant's Renewed Motion to Quash Service and Dismiss, or in the Alternative to Stay and Administratively Close (Doc. 57) is **DENIED as moot**.

(2) Defendant's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) (Doc. 58) is **DENIED as moot**.

(3) Defendant's Renewed Consolidated Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6), or in the Alternative for a More Definite Statement Under Rule 12(e), and to Strike Under Rule 12(f) (Doc. 71) is **DENIED as moot**.

(4) Defendant's Renewed Motion to Dismiss Under Rule 12(b)(1) and 12(b)(6), or in the Alternative for a More Definite Statement Under Rule 12(e) (Doc. 85) is **DENIED as moot**.

**DONE** and **ORDERED** in Ocala, Florida on June 9, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties