**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOHN KRAFT, KIRK ALLEN,**
**ALYSSIA BENFORD, and EDGAR**
**COUNTY WATCHDOGS, INC.,**

     **Plaintiffs,**

**v.**                                                    **Case No: 5:25-cv-677-PGB-PRL**

**BONNIE KUROWSKI,**

     **Defendant.**

---

## ORDER

This cause comes before the Court on *pro se* Defendant's Motion for Leave to Serve Limited Expedited Discovery Regarding Collateral Filings and Non-Record Participation ("Motion for Leave to Serve Limited Expedited Discovery") (Doc. 59) filed on February 24, 2026; Defendant's Motion to Document Conferral Attempt, Plaintiffs' Non-Response to Proposed Mediation Dates, and to Request Court Direction Regarding Structured Conferral with Oversight ("Motion to Document Communications") (Doc. 84) filed on March 13, 2026; and Defendant's Motion for Protective Order Limiting Direct Communications and Requiring Docket-Based or Mediated Communications ("Motion for Protective Order") (Doc. 86) filed on March 13, 2026; and Defendant's Motion to Require Evidentiary Proffer Supporting Plaintiffs' October 30, 2025 Vexatious-Litigant Filing, or Alternatively to Disregard that Filing ("Motion to Require Evidentiary Proffer") (Doc. 87) filed on March 13, 2026.

Plaintiffs filed responses in opposition to Defendant's Motion for Leave to Serve Limited Expedited Discovery (Doc. 66), Defendant's Motion to Document Communications (Doc. 92), Defendant's Motion for Protective Order (Doc. 97), and Defendant's Motion to Require Evidentiary Proffer (Doc. 93). Upon due consideration, Defendant's motions are due to be denied.[1]

## I.    LEGAL STANDARDS

A court has broad discretion in managing discovery, including the scheduling of discovery. *See Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. *See* Fed. R. Civ. P. 26(f)(1). Although a party may not ordinarily seek discovery from any source until the parties have conferred as required by Rule 26(f), a court may nonetheless permit expedited discovery before a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (stating that a party may seek discovery prior to the Rule 26(f) conference "when authorized by . . . court order"). A party seeking to conduct expedited discovery in advance of a Rule 26(f) conference must establish that there is "good cause" for doing so. *See Malibu Media, LLC v. Doe*, No. 8:15-cv-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015) (citations omitted); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citations omitted). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone*

---

[1] While the Court denies Defendant's motions for the reasons explained below, it also notes that Defendant's motions violate various Local Rules, including Local Rules 3.01(b) and 3.01(g). Defendant is once again cautioned that continued violations of the Local Rules may result in the imposition of appropriate sanctions without further notice.

*Wireless, Inc., LLC*, 299 F.R.D. at 694 (citation omitted); *see also Polisi v. Desantis*, No. 6:25-cv-256-WWB-LHP, 2025 WL 1940318, at \*2 (M.D. Fla. July 15, 2025) ("The primary purpose of expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoilation or when the suit cannot reasonably proceed without the information.") (citation and internal quotation marks omitted).

Under Rule 26(c), the Court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (providing that the district court may issue a protective order if "good cause" is shown). "[W]hether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001) (per curiam); *see also In re Alexander Grant & Co. Litig.*, 820 F. 2d at 356 ("'Good cause' is a well[-]established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action"). The moving party has the burden to show the necessity of the protective order with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *See Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

## II.   DISCUSSION

To begin, Defendant's Motion for Leave to Serve Limited Expedited Discovery (Doc. 59) fails to show good cause for expedited discovery, and such circumstances are not presented here. Therein, Defendant asks for an order permitting her to conduct expedited discovery to authenticate the source of "collateral" filings filed by Plaintiffs in this case (including "vexatious/indigency/bankruptcy materials and submissions") and identify the basis for such filings before conducting the Rule 26(f) conference. (*Id.* at p. 1) (internal quotation marks omitted).

Since filing the motion, the Court adopted Plaintiff's Unilateral Case Management Report (Doc. 106) as the operative Case Management Report in this action, noting that Defendant failed to coordinate with Plaintiffs' counsel to conduct the required planning conference and submit a joint case management report, in violation of the Court's Initial Order and the Local Rules. (*See* Doc. 119). Subsequently, the Court entered a Case Management and Scheduling Order ("CMSO"), addressing both the timing of discovery and evidentiary matters. (Doc. 120).[2] As a result, the Court finds that expedited discovery is not warranted here, and Defendant's request to "document" any prior conferral attempts with Plaintiffs and Plaintiffs' counsel regarding case management matters (Doc. 84) before the Court's CMSO was issued is, therefore, denied as moot.

---

[2] Previously, the Court ordered the parties to file their joint Case Management Report on or before April 7, 2026, providing proposed deadlines to govern the case. (Doc. 68). Plaintiffs filed a Unilateral Case Management Report on April 7, 2026. (Doc. 106). Therein, Plaintiffs stated that Defendant had "refused to attend" the required scheduling conference, despite "numerous attempts" to confer between February 27, 2026 and April 7, 2026. (*Id.* at p. 1). Consequently, the Court adopted Plaintiffs' Unilateral Case Management Report (Doc. 106). (Doc. 119). The following day, April 30, 2026, the Court entered the CMSO after considering the dates proposed in the Unilateral Case Management Report. (Doc. 120).

Likewise, Defendant has not established good cause for the Court to issue a protective order. (Doc. 86). Defendant moves for a protective order limiting direct communications from Plaintiffs' counsel, given the parties' "history of disputed communications" and Plaintiffs' counsel purportedly "sending repeated directed emails and placing direct calls that, in Defendant's view, go beyond scheduling and include sanction threats, argumentative commentary, and other communications that escalate conflict rather than solve it." (*Id*. at pp. 2-3).

Defendant does not provide specific facts demonstrating a need for protection. *See Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (indicating that the movant must demonstrate a need for protection by showing "with specificity" how the proposed discovery would harm the movant) (quoting *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000)); *Ekokotu*, 408 F. App'x at 336. Instead, Defendant relies on broad allegations of harm concerning prior communications with Plaintiffs' counsel. (*See* Doc. 86 at pp. 2-3); *Trinos*, 250 F.R.D. at 698 (explaining that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" and that the alleged harm must be significant) (citing *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Accordingly, the Court finds that a protective order is not warranted at this time.

Moreover, Defendant's request for an Order requiring Plaintiffs to "file a sworn evidentiary proffer establishing the factual and legal predicate for the [purported] October 30, 2025 vexatious-litigant filing" is both unnecessary and unwarranted. (Doc. 87). Neither the Federal Rules of Civil Procedure nor the Court's Local Rules require Plaintiffs to file evidence in this manner, and Defendant's Motion to Require Evidentiary Proffer is devoid of any legal

authority supporting her request for Plaintiffs to file a sworn evidentiary proffer. Therefore, this request is also denied.

### III.    CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendant's Motion for Leave to Serve Limited Expedited Discovery Regarding Collateral Filings and Non-Record Participation (Doc. 59) is **DENIED**.

(2) Defendant's Motion to Document Conferral Attempt, Plaintiffs' Non-Response to Proposed Mediation Dates, and to Request Court Direction Regarding Structured Conferral with Oversight (Doc. 84) is **DENIED as moot**.

(3) Defendant's Motion for Protective Order Limiting Direct Communications and Requiring Docket-Based or Mediated (Doc. 86) is **DENIED**.

(4) Defendant's Motion to Require Evidentiary Proffer Supporting Plaintiffs' October 30, 2025 Vexatious-Litigant Filing, or Alternatively to Disregard that Filing (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 18, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties