UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN KRAFT, KIRK ALLEN,
ALYSSIA BENFORD, and EDGAR
COUNTY WATCHDOGS, INC.,

     Plaintiffs,

v.                                                          Case No: 5:25-cv-677-PGB-PRL

BONNIE KUROWSKI,

     Defendant.

_____

## ORDER

This cause comes before the Court on *pro se* Defendant's Request for Judicial Notice of Related Lake County Trademark Filing and Disputed Related-Case Narrative (Doc. 128), and Defendant's Request for Judicial Notice of Related Appellate Filing, Metadata/Provenance Issues, and Procedural Timeline Concerning Vexatious-Litigant Materials (Doc. 129) (collectively, the "Requests for Judicial Notice"). In Defendant's Requests for Judicial Notice, she requests that the Court take judicial notice of documents filed in two state court proceedings: (1) *Bonnie Kurowski v. Cynthia Brzana-Grant, et al.*, Case No. 2025-CA-001999, in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, and (2) *Bonnie K. Kurowski v. Grady C. Judd, et al.*, Case No. 6D2026-0915, in the Florida Sixth District Court of Appeal. (Doc. 128 at p. 1; Doc. 129 at p. 1).

At any stage of a proceeding, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (e.g., an almanac, dictionary, calendar, or similar

source). *See* Fed. R. Evid. 201(b); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). This includes "public records within its files relating to the particular case before it or other related cases." *See Cash Inn of Dade, Inc. v. Metro Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) (citations omitted). Additionally, a court may take judicial notice of a document filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *See Jones*, 29 F.3d at 1553. The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c). The Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." *See Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (noting as examples of facts and matters that courts ordinarily take judicial notice, including: "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958").

Upon consideration, Defendant's Requests for Judicial Notice are due to be granted in part and denied in part. The accuracy of the documents filed in the two aforementioned state court cases can be readily ascertained from the public court records. *See* Fed. R. Evid. 201(b)(2); *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding); *see also Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (per curiam) (noting that the district court could have taken judicial notice of state court records). Therefore, the Court will take judicial notice, not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein. *See Jones*, 29 F.3d at 1553; *Bryant v. Avado Brands, Inc.*, 187

F.3d 1271, 1278 (11th Cir. 1999) (providing that it is appropriate to take judicial notice of public records for the fact of their filing but not for the truth of the statements contained therein); *Jones v. Lamar Co., L.L.C.*, No. 8:23-cv-1461-CEH-AAS, 2024 WL 3470362, at *1 (M.D. Fla. July 19, 2024) (taking judicial notice of state court proceedings involving the parties, "not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and the filings therein"); *B&G Equip. Co., Inc. v. Airofog USA, LLC*, No. 8:19-cv-403-T-36AEP, 2020 WL 1478504, at *7 (M.D. Fla. Mar. 26, 2020) (taking judicial notice only of the fact that a complaint was filed in another case, but "not the truth or accuracy of those allegations or any matters asserted" in that litigation). Defendant's Requests for Judicial Notice are denied in all other respects.

Accordingly, it is **ORDERED** that:

(1) Defendant's Request for Judicial Notice of Related Lake County Trademark Filing and Disputed Related-Case Narrative (Doc. 128) is **GRANTED IN PART and DENIED IN PART**, as stated herein.

(2) Defendant's Request for Judicial Notice of Related Appellate Filing, Metadata/Provenance Issues, and Procedural Timeline Concerning Vexatious-Litigant Materials (Doc. 129) is **GRANTED IN PART and DENIED IN PART**, as stated herein.

**DONE** and **ORDERED** in Ocala, Florida on June 25, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -