**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOHN KRAFT, KIRK ALLEN, ALYSSIA BENFORD, and EDGAR COUNTY WATCHDOGS, INC.,**

**Plaintiffs,**

**v.** **Case No: 5:25-cv-677-PGB-PRL**

**BONNIE KUROWSKI,**

**Defendant.**

---

**ORDER**

This cause comes before the Court on *pro se* Defendant's Motion for Sanctions Under the Court's Inherent Authority, for Limited Sanctions-Related Discovery, for Preservation of Evidence, for Protective Relief, and to Hold the Motion to Dismiss in Abeyance ("Motion for Sanctions"). (Doc. 98). Plaintiffs filed a response in opposition to Defendant's Motion for Sanctions. (Doc. 105). For the reasons explained below, Defendant's motion is due to be denied.

Defendant moves for sanctions under 28 U.S.C. § 1927, the Court's inherent authority, and Federal Rule of Civil Procedure 11. (*See* Doc. 98 at pp. 1-4, 18). Defendant asserts that her Motion for Sanctions "concerns alleged bad-faith abuse of judicial process in this action" and "does not ask this Court to relitigate every prior state or federal matter involving the parties or aligned actions," but rather "offers prior and parallel events only to show motive, improper purpose, cross-case coordination, selective reuse of disputed materials, and the reason this action was filed and maintained." (*See id*. at p. 2).

Defendant seeks sanctions against Plaintiffs' counsel, Robert T. Hanlon, Esq., under 28 U.S.C. § 1927. (*See id*. at p. 1, 3). Section 1927 provides that a court may require "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927. "The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." *Dzwonkowski v. Dzwonkowski*, No. No. CIV.A. 05-0544-KD-C, 2008 WL 2163916, at *21 (S.D. Ala. May 16, 2008) (citation omitted); *see LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 288 (3d Cir. 2002) (stating that sanctions under § 1927 "are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings") (emphasis in original) (citation omitted). Because § 1927 is penal in nature, courts must strictly construe its provisions. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997) (citation omitted). Trial courts have broad discretion in ruling on sanctions under § 1927. *See id*. at 1390; *Schwartz v. Millon Air., Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003); *see also Tran v. Nomad Grp. LLC*, No. 8:20-cv-1945-CEH-SPF, 2022 WL 22878428, at *1 (M.D. Fla. Sept. 19, 2022) ("Sanctions under § 1927 are discretionary, and the court, for equitable reasons, may decline to impose them.") (citation omitted).

Before sanctions may be awarded under § 1927, three requirements must be satisfied: (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) that conduct must multiply the proceedings; and (3) the dollar amount of the sanctions cannot exceed the costs, expenses, and attorney's fees incurred because of such conduct. *See Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citing *Peterson*, 124 F.3d at 1396). "Application of this standard presupposes that the movant has specifically identified the

individual attorney(s), the offending conduct committed by that attorney(s), and evidentiary support for each specific allegation." *See Mirabilis Ventures, Inc. v. Palaxar Grp., LLC*, No. 6:07-cv-1788-ORL-28, 2011 WL 4114668, at *12 (M.D. Fla. Aug. 18, 2011), *report and recommendation adopted*, 2011 WL 4344579 (M.D. Fla. Sept. 15, 2011).

An attorney unreasonably and vexatiously multiplies the proceedings "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *See Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Amlong & Amlong, P.A.*, 500 F.3d at 1239); *Schwartz*, 341 F.3d at 1225 (stating that "'bad faith' is the touchstone" of sanctions under § 1927) (citations omitted). "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim," *Peer*, 606 F.3d at 1314, or "engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims," *Amlong & Amlong, P.A.*, 500 F.3d at 1242 (citing *Schwartz*, 341 F.3d at 1225). However, mere negligence is not sufficient for a finding of bad faith. *See Amlong & Amlong, P.A.*, 500 F.3d at 1241-42 ("[A]n attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney."); *Schwartz*, 341 F.3d at 1225 (indicating that "something more than a lack of merit is required" to find sanctions appropriate under § 1927). Therefore, "it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *See Amlong & Amlong, P.A.*, 500 F.3d at 1239.

Here, although Defendant relies on § 1927 in her requested relief to sanction Plaintiffs' counsel (*see* Doc. 98 at pp. 1-3), she does not discuss or appropriately tie the high standards of § 1927 to the facts of this case. Defendant's motion fails to provide an adequate basis and sufficient evidence of unreasonable and vexatious conduct by Mr. Hanlon intended to

multiply the proceedings. Because Defendant falls far short of meeting her burden of showing Mr. Hanlon's bad faith, as required for the Court to enter § 1927 sanctions, the Court finds that sanctions under § 1927 are not appropriate.

Defendant also seeks sanctions under the inherent powers of the Court. (*See id*. at pp. 1, 3). Federal courts have both the inherent and constitutional obligation to protect their jurisdiction from conduct that impairs its ability to carry out its functions. *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam) (citation omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (stating that a court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "A court's inherent authority is both broader and narrower than its authority under § 1927. . . . Under its inherent authority, a court may sanction 'a full range of litigation abuses' committed by attorneys or parties." *City of Jacksonville v. Shoppes of Lakeside, Inc.*, No. 3:12-cv-850-HES-MCR, 2025 WL 2988771, at *3 (M.D. Fla. Jan. 17, 2025) (quoting *Chambers*, 501 U.S. at 46); *see Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (noting that a court may exercise its inherent power to "sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (citation omitted). "But a court may only use its inherent authority to sanction subjective bad faith—a higher standard than § 1927's." *City of Jacksonville*, 2025 WL 2988771, at *3 (citing *Purchasing Power, LLC*, 851 F.3d at 1224-25). Therefore, before imposing a sanction under a court's inherent power, the court must find bad faith. *See In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (per curiam).

In this instance, the conduct of Plaintiffs and Plaintiffs' counsel does not rise to a level warranting sanctions under this Court's inherent authority. While Defendant attempts to characterize the communication and litigation tactics with Plaintiffs and Plaintiffs' counsel as being made in bad faith, the Court does not find that Plaintiffs and Plaintiffs' counsel's conduct in this case has been so egregious as to warrant any sanctions.

Moreover, to the extent that Defendant seeks sanctions under Federal Rule of Civil Procedure 11 (*see* Doc. 98 at pp. 3, 18), the Court will not impose sanctions under Rule 11 because it would be procedurally improper and such sanctions are not warranted. First, as a procedural matter, Rule 11 requires that a motion for sanctions be filed "separately from any other motion." *See* Fed. R. Civ. P. 11(c)(2). Second, "the motion must be served under Rule 5, but it must not be filed or be presented to the court" if the issue "is withdrawn or appropriately corrected within 21 days after service [of the challenged document] or within another time the court sets." *See id*. Further, the Court is authorized to impose sanctions under Rule 11 when a party files a motion for an improper purpose or files a clearly baseless motion, whether that motion is baseless because of the law or facts. *See* Fed. R. Civ. P. 11(b); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (stating that sanctions are appropriate pursuant to Rule 11 "when a party files a pleading that has no reasonable factual basis"; "when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or "when the party files a pleading in bad faith for an improper purpose").

In this case, the sanctions motion was filed together with a motion for "preservation of evidence," "protective relief," and to "hold the motion to dismiss in abeyance." (*See* Doc. 98 at pp. 1-2). Additionally, Defendant has made no showing that the safe harbor provision

under Rule 11 was followed. Defendant also does not appear to cite to any document filed with this Court as having been filed for an improper purpose. For these reasons, the Court cannot use Rule 11 to levy any sanctions against Plaintiffs or Plaintiffs' counsel.

Finally, Defendant's request for several forms of other relief, including the preservation of evidence, a protective order, and the holding of a motion to dismiss in abeyance, is due to be denied as unsupported by law. There is no basis for any of the relief sought by Defendant in the Motion for Sanctions. Nevertheless, the Court has previously warned Defendant that "the Court prefers that the parties separate requests for relief" or "[i]n other words, a separate motion shall be filed for each request for relief." (Doc. 79). Despite the Court entering multiple Orders striking or denying Defendant's improper filings, explaining their deficiencies, and warning that continued improper filings could result in sanctions being imposed against Defendant (see Docs. 64, 77, 78, 79, 80, 89), Defendant has persisted in a pattern of flooding the Court with improper filings and motions that violate the Court's Orders, the Local Rules of this Court, and the Federal Rules of Civil Procedure. These rules and the Court's Orders are "not mere suggestions to the parties." (Doc. 119). Defendant is cautioned once more that continued violations of the Court's Orders may result in the imposition of appropriate sanctions without further notice.

Accordingly, upon due consideration, Defendant's Motion for Sanctions Under the Court's Inherent Authority, for Limited Sanctions-Related Discovery, for Preservation of Evidence, for Protective Relief, and to Hold the Motion to Dismiss in Abeyance (Doc. 98) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on August 14, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties