**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOHN KRAFT et al.,**

**Plaintiffs,**

**v.** **Case No.: 5:25-cv-00677-PGB-PRL**

**BONNIE KUROWSKI,**

**Defendant.**
_________________________________/

**ORDER**

This cause is before the Court on Plaintiffs' motion for sanctions (Doc. 102) and the Court's previous order directing Defendant Bonnie Kurowski to respond to that motion. (Doc. 154). Defendant did not respond to the Court's order, and the deadline to do so has passed.

Also pending before the Court are Defendant Bonnie Kurowski's motions titled: (1) "Motion for Limited Accounting and Disclosure Concerning Personal Property" and (2) "Motion for Narrowly Tailored Protective Relief." (Docs. 156, 157). Plaintiffs have filed a response to each of Defendant's motions. (Docs. 158, 159). The Court will address each motion in turn below.

## I. PLAINTIFFS' MOTION FOR SANCTIONS

The Court previously directed Defendant to respond to Plaintiffs' motion for sanctions (Doc. 102) and show cause as to why the Court should not impose the sanctions requested by

Plaintiffs, namely, allowing Plaintiffs to recover fees incurred in responding to Defendant's extensive filings. (Doc. 154).[1]

As discussed in the Court's prior order, to impose sanctions under the inherent power of the court, the Court must find that bad faith conduct has occurred. *See Nuvasive, Inc. v. Absolute Medical, LLC*, 642 F. Supp. 3d 1320, 1335 (M.D. Fla. 2022) (citing *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)). Prior to finding that a party's conduct amounts to bad faith, the Court must give the party "fair notice and an opportunity to be heard." *Id.* at 1335-36 (quoting *Hernandez v. Acosta Tractors, Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018)). However, direct evidence of bad faith is not required, and the Court "may sanction conduct 'so egregious that it could only [have] be[en] committed in bad faith.'" *City of Jacksonville v. Shoppes of Lakeside, Inc.*, No. 3:12-cv-850-HES-MCR, 2025 WL 2988771, at *3 (M.D. Fla. Jan. 17, 2025) (quoting *Purchasing Power*, 851 F.3d at 1224-25).

"[D]elaying or disrupting the litigation or hampering the enforcement of a court order" may be considered bad faith conduct. *Footman v. Cheung*, 341 F. Supp. 2d 1218, 1223 (M.D. Fla. 2004) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). While the Court may excuse "occasional violations of the Local Rules" by litigants proceeding pro se, it has been found that repeated failures to comply with local and federal rules and court orders can lead to a conclusion that a party is acting in bad faith. *See Force v. Capital One, N.A.*, No. 3:25-cv-633-JEP-MCR, 2026 WL 2207213, at *2, 6 (M.D. Fla. Feb. 26, 2026) ("Despite the Court's previous admonitions and conclusion that Plaintiff's 'conduct in this case has delayed and disrupted the litigation,' . . . Plaintiff continues to violate the Federal Rules of Civil

[1] The Court also noted that some of the relief requested by Plaintiffs in the motion for sanctions, including, for example, the request to file a case management report without conferring with Defendant, has already been granted and is now moot. (Doc. 154 at 4).

Procedure, this Court's Local Rules, and Court Orders. Therefore, this Court finds that Plaintiff is acting in bad faith."). Other considerations relevant to a finding of bad faith conduct may include whether the sanctioned party has a history of similar conduct or has expressed remorse for their actions. *See Bussey-Morice v. Kennedy*, No: 6:11-cv-970-Orl-41GJK, 2018 WL 4101004, at *16-18 (M.D. Fla. Jan. 12, 2018) (using inherent power to sanction attorney via referral to the Florida Bar based on attorney's bad faith conduct, taking into account the attorney's "pattern of reckless behavior in litigating numerous cases" and the fact that the attorney demonstrated "no signs of remorse for [his] actions . . . in this case").

The Court may impose sanctions in the form of attorney's fees under its inherent authority. *City of Jacksonville*, 2025 WL 2988771, at *5 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017)); *Wachovia Bank v. Tien*, 406 F. App'x 378, 383 (11th Cir. 2010) ("[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). However, "sanctions imposed under a court's inherent authority 'must be compensatory rather than punitive in nature,'" and therefore "a court may award only 'the fees the innocent party incurred solely because of the misconduct.'" *City of Jacksonville*, 2025 WL 2988771, at *5 (quoting *Goodyear*, 581 U.S. at 108, 104).

Defendant has now received notice of the possibility of sanctions and has had an opportunity to explain her conduct but has failed to do so, despite filing other motions on the docket. *Nuvasive*, 642 F. Supp. 3d at 1335-37; *see also* (Doc. 154) (directing Defendant to respond to Plaintiffs' motion for sanctions); (Docs. 156, 157). Prior to Plaintiffs' motion for sanctions, the Court informed Defendant of the importance of complying with the Local Rules and struck and denied a number of Defendant's filings for failing to adhere to said rules.

(Docs. 45, 63, 64, 77, 78, 79, 80, 101); *see also Force*, 2026 WL 2207213, at *1 (noting that the court warned the plaintiff of the procedural rules four times before issuing an order to show cause and subsequently imposing sanctions).

Further, as discussed in this Court's prior order, Defendant is no stranger to the litigation process and has been deemed a vexatious litigant in eight Florida counties. (Doc. 154 at 5); s*ee also Bussey-Morice*, 2018 WL 4101004, at *17 (emphasizing the attorney's "pattern of reckless behavior" in other cases and finding that "it seems that if this conduct is to cease, [the attorney] needs more than an informal reprimand"). Moreover, despite filing a certification that she has read the Local Rules and "understands that future filings must comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and this Court's Orders" (Doc. 124), Defendant's two recent motions, to be discussed further below, nevertheless violate several Local Rules. (Docs. 156, 157). As such, it is evident that the numerous warnings Defendant received regarding the Local Rules have been ineffective. *See Force*, 2026 WL 2207213, at *2 (finding that continued rule violations despite numerous orders from the court directing compliance demonstrated that the plaintiff "appears to be 'either unwilling or unable to comply with the Rules, Local Rules, and Court Orders'").

However, it is also true that the court's inherent power to sanction "must be exercised with restraint and discretion." *Nuvasive*, 642 F. Supp. 3d at 1335 (quoting *Chambers*, 501 U.S. at 44). Therefore, in an abundance of caution, the Court will not impose sanctions in the form of attorney's fees upon Defendant at this time, and Plaintiff's motion for sanctions (Doc. 102) is accordingly **denied**. However, Defendant is **strongly cautioned** that should she continue to demonstrate disregard for the Local Rules and this Court's orders, the undersigned will be inclined to recommend sanctions. Given the number of times Defendant has been cautioned

by this Court regarding her obligations under the law and relevant rules, continued violations may be considered bad faith conduct. *See Force*, 2026 WL 2207213, at *2.

## II. Defendant's "Motion for Limited Accounting and Disclosure Concerning Personal Property"

Defendant has also filed a motion for "limited disclosure concerning personal property relevant to the claims and defenses in this action." (Doc. 156). As Plaintiffs point out, this motion fails to comply with a number of Local Rules, including Local Rule 3.01(g). *See* (Doc. 158); M.D. Fla. Local Rule 3.01(g). As discussed above, Defendant has received numerous warnings from the Court regarding the Local Rules and her obligations under them. *E.g.*, (Docs. 45, 63, 64, 77, 79, 101). Further, the case management and scheduling order also advised the parties of their requirements under Local Rule 3.01(g), including that "[t]he term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email." (Doc. 120 at 5-6). This order also advised that "[t]he Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate." (*Id.* at 6).

Defendant's motion also fails to comply with Local Rule 3.01(b), which requires a motion to contain "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." *See* M.D. Fla. Local Rule 3.01(b). Besides one statement that Defendant "requests such limited disclosure or discovery relief as is authorized by the Federal Rules," Defendant makes no other reference to legal authority authorizing the relief she seeks, much less provides a memorandum of law to support her request. (Doc. 156); *see also Payne v. Berger*, No. 6:25-cv-1552-PGB-RMN, 2025 WL 2586427, at *1 (M.D. Fla. Aug. 22, 2025) (denying the plaintiff's motion for failure to

comply with the Local Rules and because the motion "offers no legal authority in support of its request"). Finally, the motion also fails to adhere to the formatting requirements of Local Rule 1.08. *See* M.D. Fla. Local Rule 1.08. Defendant's motion (Doc. 156) is due to be **denied** based on these violations alone. *See Gardner v. Mutz*, 488 F. Supp. 3d 1204, 1207 (M.D. Fla. 2020) ("[F]ailure to comply with the Local Rules alone warrants denial of the [m]otion.").

Additionally, the basis for Defendant's motion is not clear to the Court. Defendant provides no information to indicate that Plaintiffs are in possession of any of her property, in fact the motion itself states that Defendant is "not ask[ing] the Court to assume that any named person possesses a particular item." (Doc. 156).[2] While Defendant "requests disclosure of communications and records" concerning her cats, Defendant does not otherwise specifically identify any property alleged to have been "removed, moved, stored, or . . . inaccessible." (Doc. 156). Further, while Defendant asserts that she "seeks an accounting only to the extent the property and requested information are relevant to claims and defenses properly before this Court" (*id.* at 1), as Plaintiffs discuss, the subject matter of this case does not involve Defendant's personal property, and therefore, the Court struggles to see the relevance of this motion to the case at hand. (Doc. 158 at 3). For all of the above reasons, Defendant's motion (Doc. 156) is due to be **denied**.

## III. DEFENDANT'S "MOTION FOR NARROWLY TAILORED PROTECTIVE RELIEF"

Finally, Defendant has filed a motion for "narrowly tailored protective relief." (Doc. 157). As a threshold matter, as Plaintiffs state in their response, this motion also fails to comply with a number of Local Rules and is due to be **denied** on that basis alone. *See* (Docs.

[2] Plaintiff's response to this motion represents that "no Plaintiff in this case has been in the custody, control or possession of any of Defendant's personal property including any of Defendant's three cats." (Doc. 158 at 4).

157, 159); *Gardner*, 488 F. Supp. 3d at 1207. For example, as discussed above with respect to Defendant's other recent motion, the motion for protective relief fails to comply with formatting requirements and lacks both a sufficient conferral statement, as required by Rule 3.01(g), and a legal memorandum, as required by Rule 3.01(b). *See* M.D. Fla. Local Rules 1.08; 3.01(g), (b).

Moreover, the basis for this motion and requested relief are also unclear to the undersigned. The motion is framed as a request for "narrowly tailored protective relief," and states that Defendant "alleges that certain communications and conduct have affected her ability to preserve evidence and participate effectively in this litigation." (Doc. 157 at 1). Defendant states that "[t]he specific incidents supporting this request are . . . :" (1) "correspondence of parties litigating, and falsly [sic] residing in residence," (2) "stolen property by those false residence, in efforts to remove & destroy evidence," and (3) "false arrest and current incarceration in efforts to prevent activity in this case." (*Id.*).[3] Defendant's requests for relief ask the Court to direct the parties "to preserve relevant evidence" and for "a narrowly tailored order protecting relevant evidence and the orderly conduct of discovery." (Doc. 157 at 1). However, Defendant identifies no specific communications or evidence at issue, nor sufficiently explains why any alleged issues related to preservation have arisen. (*Id.*). Defendant further fails to cite to any authority to explain why she is entitled to the requested relief. *See Payne*, 2025 WL 2586427, at *1 (denying motion in part due to lack of legal authority cited). For all of these reasons, Defendant's motion (Doc. 157) is due to be **denied**.

---

[3] Plaintiffs' response to this motion represents that "none of the Plaintiffs know of correspondence with Defendant outside of motion practice in this case as evidenced by the CM/ECF system, no plaintiff is in Defendant's residence, no plaintiff has destroyed any evidence, Plaintiffs have not arrested Defendant, Plaintiffs have not incarcerated Defendant." (Doc. 159 at 4).

The Court is aware of Defendant's pro se status, and Defendant is encouraged to utilize the resources available for pro se litigants. Defendant may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/litigants-without-lawyers). Additionally, the Orlando Chapter of The Federal Bar Association operates a Legal Information Program that is available to litigants in the Ocala Division. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual and in-person appointments are available every Tuesday from 11:00 a.m. to 12:30 p.m. In-person appointments take place in Orlando. To request an appointment, pro se litigants may visit https://outlook.office365.com/owa/calendar/FederalLegalInformationClinicPublicRegistration@clsmf.org/bookings/. For assistance making an appointment, pro se litigants may call the Clerk's Office at (352) 369-4860 or visit the Clerk's Office check-in window.[4] A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.

However, as Defendant has previously been informed, her pro se status does not excuse her from complying with "the relevant law and rules of court." *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). To the extent Defendant intends to file future motions in this case, Defendant is **strongly cautioned** that frivolous filings may be subject to sanctions

---

[4] The Clerk's Office is located on the Third Floor of the Golden-Collum Memorial Federal Building and United States Courthouse, 207 Northwest Second Street, Ocala, Florida 34475.

under Federal Rule of Civil Procedure 11(b). Further, Defendant has been repeatedly warned of her obligations under this Court's Local Rules, and she is again warned that continued noncompliance may result in sanctions. Should Defendant continue to disregard the Local Rules and this Court's orders, the undersigned will be inclined to recommend sanctions.

For the reasons explained above, Plaintiffs' motion for sanctions (Doc. 102) is **denied** and Defendant's motions (Docs. 156, 157) are **denied**.

**DONE** and **ORDERED** in Ocala, Florida on November 16, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party